**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1263
_____

UNITED STATES OF AMERICA,

v.

KELLY HOBBS,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-10-cr-00077-001)
District Judge: Hon. Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2011

BEFORE: McKEE, Chief Judge, FUENTES and COWEN , Circuit Judges

(Filed:  November 1, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

Kelly Hobbs appeals from the criminal judgment entered by the United States

District Court for the District of Delaware.  We will affirm without prejudice to Hobbs's

right to raise her ineffective assistance of counsel claim in a properly filed 28 U.S.C. § 2255 motion.

I.

From 2005 through 2009, Hobbs, the Coordinator for Client Monies at Fellowship Health Resources (a service provider for adults who suffer from mental illness or substance abuse problems), misappropriated approximately $75,000.00 from various client funds, which she then used to purchase items for herself and her family.

Hobbs ultimately cooperated with law enforcement personnel when they confronted her and pled guilty to one count of embezzlement under 18 U.S.C. § 641 pursuant to a plea agreement. Her applicable Guidelines range was 30 to 37 months of imprisonment.

At the sentencing hearing, the District Court, wishing to make sure that it "didn't miss anything," asked the defense counsel whether he submitted a sentencing memorandum or any letters on his client's behalf. (A7.) Answering in the negative, he went on to direct the District Court's attention to a letter from Hobbs herself and then claimed that he believed the letter itself was sufficient and was "one of the reasons why I did not submit anything else in writing." (A13.) He asserted that Hobbs was a candidate for a probationary sentence (and accordingly asked the District Court to suspend any period of incarceration) because she fully accepted responsibility for her actions and the likelihood of any similar criminal conduct in the future was very remote. In turn, the prosecutor stated that, pursuant to the plea agreement, it did not oppose this probation

2

request, noting that full restitution had been provided by Hobbs's father. The District Court then asked the prosecutor: "So you get to buy your way out of jail, Mr. Burke?" (A17.) After the prosecutor indicated that restitution was a factor that his office considered, the Court stated: "It's a factor that the Court considers. The bottom line is disturbing to me, Mr. Burke. It's disturbing." (A17.)

The District Court also heard from both Hobbs as well as a representative of her former employer (who asked for a term of incarceration). After, among other things, addressing several of the sentencing factors set forth in 18 U.S.C. § 3553 and specifically recognizing that she did have the support of her father, "who has stepped up to your aid in a very substantial and significant way, monetarily," the District Court ultimately sentenced Hobbs to a term of incarceration of one year and one day, three years of supervised release, and a $100 special assessment. (A25.) Represented by her current attorney, Hobbs then filed an unsuccessful motion to correct her sentence.

## II.

Hobbs contends that the District Court misapplied 18 U.S.C. § 3553(a)(7) ("the need to provide restitution to any victims of the offense") by failing to consider the fact that full restitution had been made as a positive factor and by actually treating such restitution as a negative consideration weighing in favor of a more severe sentence.[1] However, the District Court did not commit any procedural error. It meaningfully took into account the restitution payment as one of several factors in its sentencing

---

[1] The District Court possessed subject matter jurisdiction pursuant to 18 U.S.C. § 3231,

3

determination. See, e.g., United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007) (stating that sentence must reflect district court's "meaningful consideration" of statutory factors). It then went on to provide a very thorough explanation for the sentence it ultimately imposed, which was still significantly below the applicable Guidelines range.

Hobbs also contends that her prior counsel furnished constitutionally ineffective assistance by failing to address the statutory sentencing factors, present any character letters or witnesses, or file a sentencing memorandum. However, "[w]e have repeatedly expressed our strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal." United States v. Sandini, 888 F.2d 300, 312 (3d Cir. 1989) (citations omitted). We further reject Hobbs's contention that the current claim falls under the "narrow exception" applicable "[w]here the record is sufficient to allow determination of ineffective assistance of counsel." United States v. Headley, 923 F.2d 1079, 1083 (1991) (citations omitted). In particular, we note that the specific reasons for the former attorney's actions are not clear from the bare record now before us.

### III.

We will affirm the judgment entered by the District Court without prejudice to Hobbs's right to raise her ineffective assistance of counsel claim in a properly filed § 2255 motion.

---

and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.